## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Fort Lauderdale Division

| | | |
|---|---|---|
| BERNARD McDONALD, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| CITY OF POMPANO BEACH, | ) | |
| FLORIDA, a Florida municipal | ) | |
| corporation, | ) | |
| | ) | |
|    Defendant. | ) | |
| _____ | ) | |

## VERIFIED COMPLAINT

Plaintiff Bernard McDonald sues the Defendant City of Pompano Beach, Florida, for injunctive and declaratory relief and damages, and alleges as follows:

## INTRODUCTION

1.      Under the City of Pompano Beach's Street Solicitation Ordinance, standing on the median of a public street and soliciting donations from people in cars is banned during certain hours and at certain intersections.  And to solicit donations during the permitted hours and locations, solicitors must comply with a list of twenty-one onerous regulations and requirements—including completing a roadway safety course, wearing a brightly colored vest, erecting a warning sign, and displaying an identification number—or be subject to arrest, fines, or imprisonment.  In the last two years alone, nearly 100 people have been arrested or cited for violating the Ordinance.

2.      However, a person seeking to engage in other forms of speech may do so at any time, and without complying with any regulations.  For instance, candidates for public office can

freely stand on the shoulder or median and ask people in cars to vote for them. Likewise, members of a church can stand on the shoulder or median and ask people in cars to join their congregation.

3.      The Ordinance specifically singles out the solicitation of donations for differential treatment, and is therefore a content-based restriction subject to strict scrutiny.  Because it is not narrowly tailored to any compelling government interest, nor is it the least restrictive means of advancing any interest, it is an unconstitutional restriction of free speech.

4.      Further, because the regulations are so vague, the Ordinance fails to provide notice that is adequate to enable an ordinary person to understand what is required to comply with it.  It also fails to provide adequate guidelines to the police, thus resulting in arbitrary and discriminatory enforcement.

5.      Plaintiff Bernard McDonald is a homeless man who was arrested and sentenced to jail for standing along the street and requesting money from people in cars.  He wants to continue to solicit donations, and needs to do so to contribute to his survival.  But he fears arrest if he does so.

6.      The Ordinance is unconstitutional, both facially and as applied to Mr. McDonald. He therefore sues the City of Pompano Beach for injunctive and declaratory relief and damages, alleging that the City's Street Solicitation Ordinance violates the First and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

7.      This case arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S. C. § 1983.

-2-

8.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. The Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201.

9.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the events giving rise to the claims occurred in this judicial district.

## PARTIES

10.    Plaintiff Bernard McDonald is a citizen of the United States and a life-long resident of Pompano Beach.  He is currently homeless and must request donations from others to contribute to his survival.  He was arrested and sentenced for a violation of the Street Solicitation Ordinance.  He wishes to continue to request donations, but reasonably fears that he will be arrested and jailed again.

11.    Defendant City of Pompano Beach, Florida, is a municipal corporation organized under the laws of the State of Florida.  The City is sued based on the acts of its officials, agents and employees.  At all relevant times, the City and its agents were acting under color of state law.

## STATEMENT OF FACTS

**A. Pompano Beach Ordinance § 100.41: The Street Solicitation Ordinance**

12.    On September 23, 2003, the City of Pompano Beach enacted the Street Solicitation Ordinance of the Pompano Beach City Code, § 100.41 (the Ordinance).

13.    The Ordinance applies throughout the entire City of Pompano Beach.

14.    The Ordinance is comprised of three sections: (A) Definitions, (B) Restrictions, and (C) Penalty.

-3-

15.     Section (A) of the Ordinance defines a "street solicitor" as someone "who stands or goes upon any portion of a public street, highway or neutral ground within the City for the purpose of, or actually engaged in:  soliciting, collecting or accepting donations or contributions of any kind from an occupant or occupants of any vehicle; soliciting business or employment from an occupant or occupants of any vehicle; selling any thing or service or distributing any tangible thing or object to an occupant or occupants of any vehicle."

16.     "Neutral ground" means "[a]ny area that divides a roadway or divides the roadway for vehicles driving in opposite directions including, but not limited to paved or unpaved medians."

17.     Section (B) of the Ordinance makes it unlawful for any person to fail to comply with or to violate any one of twenty-one separate regulations and requirements for street solicitors within the City.

18.     The regulations and requirements of the Ordinance under Section (B) include the following numbered sub-sections:

(1) Street solicitors may solicit only between the hours of 6:00 a.m. – 12:00 p.m. daily;

(2) Street solicitors may solicit only on City streets, highways or neutral ground located at, or immediately adjacent to an intersection controlled by an official traffic control signal as defined by F.S. 316.003(24), or as modified hereafter, and only when said devices are fully operational;

(3) Street solicitors may not solicit during any period when visibility is substantially impaired by inclement weather;

(4) No one under 18 years of age may solicit in accordance with § 131.17 of the City's Code of Ordinances;

(5) Street solicitors may not solicit at an intersection or any portion thereof, which contains, or is controlled by a railroad crossing, or within six hundred (600) feet of any such intersection.  No solicitation or conduct permitted pursuant to

this section may be conducted on railroad property without written permission of the railroad;

(6) No street solicitor shall solicit at or within any portion of an intersection which is under construction, repair or renovation;

(7) No more than two (2) solicitors shall occupy any one corner or location within, or portion of, an intersection at any one time for purposes of solicitation and violation of this provision shall constitute a safety hazard. Upon notification of the violation by city law enforcement officers, solicitors at the location may reach an agreement to achieve compliance between themselves and immediately implement said resolution.  If no such agreement is reached, all solicitors at the corner or specific location of the violation may then be removed from the location for the remainder of that day's solicitation period pursuant to the provisions of the subsection (9) below;

(8) No street solicitor shall solicit within any intersection of location where a traffic accident has occurred involving disabled vehicles, property damage or personal injury, and while police, fire or fire rescue are engaged in their various duties, until such time as the site is cleared of said personnel and vehicles involved in the accident removed, and the normal flow of traffic has resumed;

(9)  City law enforcement officers may order the temporary removal of a street solicitor from any location during an emergency situation or under circumstances requiring said removal for the immediate safety of the public or the solicitor.  Failure to obey any such lawful order shall constitute a violation of this section along with other applicable Florida statutes;

(10) All street solicitors must wear an OSHA or ANSI approved orange or other brightly-colored safety vest containing reflective material on the front and back, while engaged in solicitation activities;

(11) Street solicitors shall only solicit while the flow of traffic on the side of the road or highway where the solicitation takes place is stopped;

(12) Street solicitors may not alter or impede the flow of traffic by any means, and upon an identification of a green arrow or if none, a green light, may not remain in the portion of the paved road or highway designated for vehicular use, and shall return to neutral ground, sidewalk or other location off-road area upon the commencement of traffic flow from its stopped position;

(13) No street solicitor shall solicit on any City street, highway, or neutral ground while under the influence of alcoholic beverages, chemical substances or

controlled substances, when effected to the extent that the solicitor's normal faculties are impaired.  "Normal faculties" mean those faculties of a person, such as the ability to see, hear, walk, talk, make judgments, and, in general, to normally perform the many mental and physical acts of our daily lives, including, but not limited to those acts required to safely conduct solicitation activities upon city streets, highways or neutral ground;

(14) No one may consume an alcoholic beverage or possess any open container containing an alcoholic beverage upon any City street, highway, neutral ground, sidewalk, or any unlicensed public premises, pursuant to section 133.11 of the City's code of Ordinances;

(15) Street solicitors shall not place personal belongings including but not limited to, folding chairs, umbrellas, coolers or other objects, in the median, neutral ground, street or roadway, but may utilize other materials to secure solicitation items and prevent their uncontrolled dispersal onto the streets.  All such materials must be removed at the end of a solicitation period;

(16) No products or goods may be deposited or stored on streets, highways, neutral ground, sidewalks or any other public property, for the purpose of distribution of said products or goods to street solicitors.  Street solicitors may place an amount of goods on a median or neutral ground which are needed for immediate sales or distribution, provided the items are secured in a manner to prevent uncontrolled dispersal onto the streets and which does not present a hazard to motorists and pedestrians.  All products or goods must be removed from a location at the end of the solicitation period to avoid letter or other hazards;

(17) No street solicitor shall: (a) solicit in an aggressive or intimidating manner and shall not intentionally block the path of travel or a vehicle or cause a vehicle to take evasive action to avoid contact or collision with a solicitor; (b) physically touch any portion of a vehicle nor throw any object at or into any vehicle unless specifically requested by an occupant; (c) create a dangerous condition by disrupting or distracting motorists or vehicular traffic for solicitation purposes.

(18) Street solicitors shall place a brightly-colored, portable reflective sign within approximately 300 feet, or where practicable, to inform vehicular traffic that solicitors are active at the upcoming intersection. Signs shall be placed for each direction of traffic affected by the activity of a solicitor.  At the conclusion of that day's solicitation activity, the sign shall be removed by the solicitor;

(19) All street solicitors shall provide and display a number or other marking on their person adequate to identify an individual solicitor, for purposes of

potential problems or complaints.  Said number or marking shall be displayed to the public during all solicitation activities.  Information regarding the identity of a solicitor will be provided to law enforcement officers for investigative purposes, by companies or organizations upon request;

(20) All companies or organizations utilizing or placing more than one street solicitor on City streets at any one time, shall first provide the City Manager wit the name of a current contact person from the company or organization along with a valid telephone number and address, for the City to provide said information to its residents on its cable television channel or by other means, for purposes of citizens complaints or comments;

(21) All street solicitors must complete a roadway safety course from the National Safety Council or a similar, equivalent safety course, and must furnish proof of completion of same within the preceding 12-month period when so requested by a city law enforcement officer.

19.     Section (C) of the Ordinance penalizes individuals found violating the Ordinance by a fine not exceeding $500.00 or imprisonment in the county jail for a term not exceeding 60 days, or by both fine and imprisonment.

20.     In sum, the Ordinance completely bans, while standing on the street, median, or shoulder, the solicitation of donations, business, or sales from vehicle occupants between the hours of 12:00 p.m. and 6:00 a.m. and at intersections without traffic control signals; but does not ban any other forms of speech.

21.     Similarly, the Ordinance imposes a set of onerous requirements only upon those wishing to solicit donations, business, or sales from vehicle occupants while standing on the street, median, or shoulder; but does not impose these requirements for any other forms of speech.  Moreover, these requirements are so vague, broad, and difficult to comply with, that they amount to an effective ban on soliciting business, donations, or sales from vehicle occupants.

22.      Thus, the Ordinance singles out the solicitation of donations, business, or sales for differential treatment, and is therefore content-based.

**B.  Enforcement of the Ordinance**

23.      The City of Pompano Beach does not have its own municipal police force.

24.      The City contracts with the Broward County Sheriff's Office (BSO) to provide police services to the residents of Pompano Beach.

25.      As agents of the City of Pompano Beach, BSO deputies patrol the city streets and are empowered to enforce Pompano Beach municipal ordinances.

26.      The BSO has the authority to cite and arrest people for violations of the Pompano Beach Municipal Code, including § 100.41, the Street Solicitation Ordinance (the Ordinance).

27.      From the beginning of 2018 through the end of 2019, the Ordinance has been enforced exclusively against people who were standing on street corners and medians soliciting donations.   Upon information and belief, the vast majority of these individuals were homeless.

28.      During that time, nearly 100 people—all of whom were soliciting donations—were either arrested or cited for a violation of the Ordinance.

29.      Typically, the arrests and citations for violations of the Ordinance involved people standing on shoulders of city streets and medians who were holding cardboard signs requesting donations.

30.      The most common violations of the Ordinance were for not wearing either an approved orange or other brightly colored safety vest containing reflective material on the front and back, not having proof of completing a roadway safety course from the National Safety Council, and soliciting outside of the allowed hours (6:00 a.m. to noon).

-8-

### C.  Arrest of Plaintiff Bernard McDonald

31.     Plaintiff Bernard McDonald is fifty-five years old and is currently homeless.  He is a life-long resident of Pompano Beach.

32.      He cannot find full time work and performs odd jobs and light construction work when it is available.  Because of chronic back pain and other disabilities, Mr. McDonald's ability to do physical labor is increasingly limited.

33.     To help support himself, Mr. McDonald engages in peaceful panhandling in Pompano Beach.  He stands on either the shoulder of a city street or on a median and displays a sign that states, "Homeless, please help me if you can."  Prior to his arrest he had done this approximately four to five times per week since January 2018.

34.      At approximately 7:30 a.m. on August 10, 2018, Plaintiff Bernard McDonald began standing on the shoulder of the roadway next to the southbound lane of Federal Highway near the corner of Sample Road and Federal Highway.

35.      Mr. McDonald held a sign that read, "Homeless, please help me if you can."   He was trying to solicit donations so that he could buy food or other items needed for his survival.

36.     When southbound traffic came to a stop at the light at the intersection, Mr. McDonald would walk along the shoulder of the road and hold up and display his sign.

37.     If a motorist or an occupant of a stopped car signaled to Mr. McDonald that they wanted to give him a donation, he would walk to the car and accept it and then resume walking along the shoulder holding his sign.  In most instances, the people in cars who gave Mr. McDonald money were in the lane of traffic immediately next to the shoulder.

38.     Mr. McDonald was not blocking or obstructing traffic.

39.     Around mid-day, a marked Broward Sheriff's squad car parked in a lot near the area where Mr. McDonald was standing.

40.     Broward Deputy Sheriff Andrews got out of the squad car and called Mr. McDonald over to the parking lot.

41.     Mr. McDonald complied and walked over to where the officer was standing.

42.     Deputy Andrews immediately told Mr. McDonald to give him the sign. Again, Mr. McDonald complied and gave it to the deputy.

43.     Deputy Andrews then handcuffed Mr. McDonald behind his back and put him into the back of his squad car.

44.     Mr. McDonald was placed under arrest and taken into custody without incident.

45.     Deputy Andrews charged Mr. McDonald with Street Solicitation, in violation of § 100.41 of the Pompano Beach Municipal Code.

46.     In the arrest affidavit supporting the charge, Deputy Andrews wrote that Mr. McDonald was holding "a cardboard sign with black lettering stating, 'Homeless please help me if you can,'" and that Mr. McDonald "was not wearing an OSHA- or ANSI-approved orange or other brightly-colored safety vest containing reflective material on both front and back."

47.     Mr. McDonald was taken to a holding cell at a BSO station in Pompano Beach and later transported to the Broward County Jail where he remained incarcerated until his first appearance hearing in Broward County Court the following morning.  At that hearing, Mr. McDonald pled no contest and was sentenced to the time he had already served in jail.

48.     Since his arrest, when Mr. McDonald walks on the streets of Pompano Beach and sees a BSO squad car, he becomes anxious and scared that the police are following him.

-10-

49.     Because of his arrest, Mr. McDonald has significantly curtailed his soliciting for donations in Pompano Beach because he is deterred from doing so, and because of that, he has not received donations that he would have otherwise received.

50.     Mr. McDonald remains homeless and poor and wants to continue to solicit donations in Pompano Beach in order to help with his survival, but he does so much less frequently because he fears being arrested under the Ordinance.

51.     The arrest and sentencing for a violation of the Street Solicitation Ordinance has had a chilling effect on Mr. McDonald's exercise of his First Amendment rights in the City of Pompano Beach.

52.     Because of the vagueness of the Ordinance, Mr. McDonald is also unsure how to comply with some of the requirements, and therefore avoids soliciting donations as a result.

53.     Consequently, Mr. McDonald has suffered and continues to suffer damages and harm for the violation of his constitutional rights under the First and Fourteenth Amendments.

## CLAIMS FOR RELIEF

## COUNT I – First Amendment, 42 U.S.C. § 1983

54.     Plaintiff incorporates and re-alleges each paragraph preceding the Claims for Relief Section and incorporates them by reference herein.

55.     The City of Pompano Beach Street Solicitation Ordinance, § 100.41, both on its face and as applied and enforced, has violated and continues to violate the right of Plaintiff Bernard McDonald to free speech and free expression, in violation of the First Amendment.

56.     Section 100.41 of the City Code is an unconstitutional content-based restriction of protected speech that is subject to strict scrutiny.  It is not narrowly tailored to, nor is it the least restrictive means of furthering, any compelling government interest.

57.      On its face, Section 100.41 of the City Code bans certain speech at certain times and places.  Moreover, it is so overbroad and burdensome that it effectively bans protected speech at other times and places.

58.     Section 100.41 of the City Code is facially overbroad because it sweeps too broadly and punishes protected speech.

59.     Pursuant to the overbreadth doctrine, Section 100.41 of the City Code is facially unconstitutional for all persons, not just Plaintiff. Other people not before the Court desire to engage in legally protected expression but refrain from doing so because they fear the repercussions of Section 100.41 of the City Code.

60.     Because the City of Pompano Beach has acted and threatened to act to deprive Plaintiff of his rights guaranteed by the First Amendment to the United States Constitution, Plaintiff sues and seeks relief pursuant to 42. U.S.C. § 1983.

61.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will suffer irreparable harm and damages, which will continue absent relief.

62.     As a result, Plaintiff is entitled to preliminary and permanent injunctive relief, a declaratory judgment, and damages.

## COUNT II – Fourteenth Amendment Due Process, 42 U.S.C. § 1983

63.      Plaintiff incorporates and re-alleges each paragraph preceding the Claims for Relief section and incorporates them by reference herein.

64.     The City of Pompano Beach Street Solicitation Ordinance, § 100.41, provides for criminal penalties.

65.     The City of Pompano Beach Street Solicitation Ordinance, § 100.41, both on its face and as applied, fails to provide notice that is adequate to enable an ordinary person to understand what conduct is prohibited and how to comply with its regulations.

66.     The Ordinance, both on its face and as applied, fails to establish adequate guidelines to govern law enforcement and hence, authorizes and encourages arbitrary and discriminatory enforcement.

67.     The Ordinance is void for vagueness, in violation of the Due Process Clause of the Fourteenth Amendment.

68.     Because the City of Pompano Beach has acted and threatened to act to deprive Plaintiff of his rights guaranteed by the Fourteenth Amendment to the United States Constitution, Plaintiff sues and seeks relief pursuant to 42. U.S.C. § 1983.

69.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will suffer irreparable harm and damages, which will continue absent relief.

70.     As a result, Plaintiff is entitled to preliminary and permanent injunctive relief, a declaratory judgment, and damages.

### Prayer for Relief

**Wherefore**, Plaintiff Bernard McDonald demands judgment against the City of Pompano Beach and requests the following relief:

A.  A declaratory judgment that the City of Pompano Beach Street Solicitation Ordinance, § 100.41, violates the First and Fourteenth Amendments to the United States Constitution, both facially and as applied to Plaintiff;

B.  A preliminary and permanent injunction prohibiting the City and its agents from enforcing the Pompano Beach Street Solicitation Ordinance, § 100.41;

C.  An award of all damages permitted by law to Plaintiff;

D.  An award of attorneys' fees and costs; and,

E.  Any such other relief that may be appropriate.

## **Jury Demand**

Plaintiff demands trial by jury on all counts alleged above.

Respectfully submitted,

Dante P. Trevisani
Florida Bar No. 72912
E-mail: *DTrevisani@FloridaJusticeInstitute.org*
Ray Taseff
Florida Bar No. 352500
E-mail: *RTaseff@FloridaJusticeInstitute.org*
Florida Justice Institute, Inc.
100 S.E. 2nd Street
3750 Miami Tower
Miami, Florida 33131-2309
305-358-2081
305-358-0910 (Fax)

By:    *s/Ray Taseff*
        Ray Taseff

Mara Shlackman
Florida Bar No. 988618
Email:  mara@shlackmanlaw.com
Law Offices of Mara Shlackman, P.L
757 SE 17th Street; PMB 309

-14-

Fort Lauderdale, Florida 33316
954-523-1131
954-206-0593

F.J. McLawrence
Florida Bar No. 624527
Email:  info@mclawrencelaw.com
The McLawrence Law Firm
633 S. Federal Highway; Ste. 200-B
Fort Lauderdale, Florida 33301
954-318-1376
954-616-0566

**Attorneys for the Plaintiff**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

| | | |
|---|---|---|
| BERNARD McDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| CITY OF POMPANO BEACH, | ) | |
| FLORIDA, a Florida municipal | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DECLARATION OF BERNARD MCDONALD

I, Bernard McDonald, make this Declaration Under Penalty of Perjury, and declare that the statements below are true, and state:

My name is Bernard McDonald. I have reviewed the Verified Complaint above, and state that the facts which pertain to me are true and accurate to the best of my knowledge and belief.

I understand that a false statement in this declaration will subject me to penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.

Bernard Mc Donald

Bernard McDonald

Dated: 1-29-20

-16-