ORDINANCE NO. 2020-__59__

CITY OF POMPANO BEACH,
BROWARD COUNTY, FLORIDA
I HEREBY CERTIFY that the foregoing is a true and correct copy of_____Ordinance No. 2020-59_____
as filed in the office of_____City Clerk_____
WITNESS my hand and official Seal in the CITY OF POMPANO BEACH, FLORIDA, this __24th__ day of __June__ A.D. 2020

Kervin Alfred          Deputy/City Clerk

CITY OF POMPANO BEACH
Broward County, Florida

AN ORDINANCE OF THE CITY COMMISSION OF THE CITY OF POMPANO BEACH, FLORIDA, AMENDING CHAPTER 100, "STREETS AND SIDEWALKS," OF THE CITY OF POMPANO BEACH CODE OF ORDINANCES BY AMENDING SECTION 100.35, "BUILDING OR OBSTRUCTION ON PUBLIC STREETS, SIDEWALKS, AND RIGHT-OF-WAY SWALE AREAS," TO ADDRESS STREET AND SIDEWALK SAFETY, OBSTRUCTIONS AND RESTRICTIONS; PROVIDING FOR PENALTIES; PROVIDING FOR CONFLICTS; PROVIDING FOR SEVERABILITY; PROVIDING AN EFFECTIVE DATE.

**WHEREAS,** the City of Pompano Beach ("City") desires to modify and update regulations for streets and sidewalks to improve safety; and

**WHEREAS,** in order to address changing conditions as the City continues to develop and grow creating increased traffic congestion; and

**WHEREAS,** the City Commission recognizes that as congestion on its streets and sidewalks continues to increase, the need to maintain and improve traffic and pedestrian flow is essential; and

**WHEREAS,** the City Commission finds that the placement of packages, goods or personal items temporarily or permanently within the street or a sidewalk creates an unexpected obstacle which poses a significant tripping or accident hazard, particularly for pedestrians and bicyclists; and

**WHEREAS,** the City Commission intends this Ordinance to improve the pedestrian and vehicular safety on the City's streets, highways and sidewalks; and

**WHEREAS,** Section 316.008, Florida Statutes, provides local municipalities authority to regulate various conduct within the reasonable exercise of police powers with respect to streets and highways under its jurisdiction; and

1

**WHEREAS,** the opinion of *Evans v. Sandy City*, 944 F.3d 847 (10th Cir. 2019), provided guidance on the constitutionality of restrictions on the use of medians of a certain size and manner of construction; and

**WHEREAS,** the City Commission recognizes that medians provide a measure of safety to pedestrians in the roadway, but finds that narrow medians and unpaved medians do not offer the same level of safety as larger, paved medians; and

**WHEREAS,** the City Commission finds that medians three feet wide or wider provide sufficient room for the average pedestrian to stand comfortably without intruding into travel lanes; and

**WHEREAS,** the City Commission finds that increasing the number of traffic lanes significantly increases traffic volumes and often, speeds; and

**WHEREAS,** the City Commission finds that pedestrians are at greater risk when the number of traffic lanes increases; and

**WHEREAS,** the City Commission finds that in those areas of greater risk, where there are three or more traffic lanes in any one direction (usually resulting in 5 to 8 total lanes or more), including turn lanes, the increased risk to pedestrians warrants the need to further limit pedestrian occupancy in the medians to reduce the likelihood of interaction with vehicular traffic in the event of a fall; and

**WHEREAS,** the City Commission finds that a median width of five feet would significantly increase the likelihood that should a pedestrian fall on the median, he or she would remain in the median as opposed to in the adjacent roadway itself; and

**WHEREAS,** pursuant to law, ten (10) days' notice has been given by publication in a paper of general circulation in the City, notifying the public of this proposed Ordinance and of a public hearing in the City Commission Chambers of the City of Pompano Beach; and

2

WHEREAS, a public hearing before the City Commission was held pursuant to the published notice described above, at which hearing the parties in interest and all other citizens so desiring had an opportunity to be and were, in fact, heard; now, therefore,

**BE IT ENACTED BY THE CITY OF POMPANO BEACH, FLORIDA:**

<u>**SECTION 1.**</u> That the preceding "Whereas" clauses are ratified and incorporated as a record of the legislative intent of this Ordinance.

<u>**SECTION 2.**</u> That Section 100.35, "Building or Obstruction on Public Streets, Sidewalks, and Right-of-Way Swale Areas," of Chapter 100, "Streets and Sidewalks" of the City of Pompano Beach Code of Ordinances is hereby amended to read as follows:

*OBSTRUCTIONS*

**§ 100.35   BUILDING OR OBSTRUCTION ON PUBLIC STREETS, SIDEWALKS, AND RIGHT-OF-WAY SWALE AREAS<u>; PEDESTRIAN MEDIAN SAFETY</u>.**

(A)   It shall be unlawful for any person<u>:</u>

<u>(1)</u>   to erect, build, construct, deposit, or place on or in any street <u>or sidewalk</u>, or any place where the public has the right of passage, any building, structure, or obstruction of any kind whatsoever, <u>including the temporary or permanent placement of any packages, goods or personal items except as momentarily placed at a person's feet;</u> or

<u>(2)</u>   to enclose any street, park, or other public property.

<u>(3)</u>   ~~Provided, however, that a~~ <u>A</u> receptacle for the actual curbside delivery of mail shall not be prohibited pursuant to ~~this section~~ <u>subsections (1) and (2) above</u> as long as such receptacle does not exceed five feet in height and is securely mounted on posts no larger than four-inch by four-inch or four and one half-inch diameter wood posts or two-inch diameter standard steel or aluminum pipe buried no more than 24 inches in the ground, and the receptacle for mail is located in a manner which does not obstruct vehicular or pedestrian traffic or pose a public safety hazard.

(B)   Any building, structure, or obstruction abutting or encroaching upon any public street, alley, sidewalk, or right-of-way swale area in the city is hereby

3

declared to be a public nuisance against the welfare and safety of the public, and the owner, or lessee or agent of the owner, or any person responsible for the presence of any such public nuisance shall remove the nuisance or otherwise comply with the exemption requirements of this section, and shall be guilty of a punishable offense for placement of the nuisance, or for failure to remove same, or for both.

(C) <u>It shall be unlawful for any person to:</u>

(1) <u>For any period of time, sit or stand, in or on</u>

(a) <u>any unpaved median, or any median of less than three feet, or</u>

(b) <u>any median less than five feet where the adjacent roadway has three or more vehicular travel lanes in any one direction at the point of intersection (including turning lanes), except that pedestrians may use median strips only in the course of lawfully crossing from one side of the street to the other.</u>

(2) <u>For any roadway that has three or more vehicular travel lanes in any one direction at the point of intersection (including turning lanes), to hand or seek to transmit by hand or receive by hand anything to any person who operates or occupies a motor vehicle of any kind, which vehicle is engaged in travel on or within any portion of the roadway, whether or not such vehicle is temporarily stopped in travel lanes of the road.</u>

(3) <u>Occupy a paved travel lane or other portion of a roadway while the traffic is flowing.</u>

(4) <u>Alter or impede the flow of traffic by any means.</u>

(5) <u>Remain in the portion of the paved road or highway designated for vehicular use, upon the commencement of traffic flow from a stopped position.</u>

(6) <u>Jaywalk. The following shall constitute jaywalking and shall be deemed a violation of this section:</u>

(a) <u>Crossing a roadway at a point within 200 feet of a marked crosswalk;</u>

(b) <u>Crossing at a controlled intersection contrary to the signal lights or the direction of a traffic officer;</u>

(c) <u>Crossing a roadway intersection diagonally, unless authorized by official traffic control devices or a traffic officer;</u>

4

(d) Crossing a roadway with four or more total travel lanes (counting both directions), except in a marked crosswalk, or any other place than by a route at right angles to the curb or by the shortest route to the opposite curb; or

(e) Crossing a roadway intersection in any manner prohibited by official traffic control devices pertaining to such crossing movements.

(7) Where sidewalks are provided on a roadway with four or more total travel lanes (counting both directions), walk along and upon the portion of a roadway paved for vehicular traffic.

(8) Between adjacent intersections at which traffic control signals are in operation, cross at any place except in a marked crosswalk.

(9) Intentionally block the path of travel of a vehicle or cause a vehicle to take unreasonable evasive action to avoid contact or collision with said person;

(10) Physically touch a person or any portion of a vehicle without the consent of the person or vehicle occupant, or throw any object at or into any vehicle unless specifically requested by an occupant;

(11) For purposes of this section, unreasonable evasive action shall mean causing a vehicle to depart from the lane of traffic in which it is traveling to change lanes, to straddle lanes, or to enter onto a swale to obtain passage; it also means causing a pedestrian to leave the sidewalk on which he or she is traveling or to make contact with a wall or fence bordering the sidewalk.

(12) Exemptions. The following shall be exempt from the provisions of this subsection:

(a) Persons who are involved in vehicular accidents or whose vehicle is disabled; and

(b) Law enforcement personnel, firefighters, paramedics or any other persons rendering aid to people or animals in need located in the streets and roadways.

(c) Code Enforcement personnel, municipal Public Works and Utilities personnel as well as other authorized persons from other governmental entities.

(13) (a) Violations of subsections 1 – 5, 9 and 10 above, shall be punishable under § 10.99.

(b) Violations of subsections 6, 7 and 8 above, shall constitute non-criminal traffic infractions.

5

(~~C~~D)  Loose stone, pebbles, pea rock, or similar loose material shall not be placed in the public right-of-way swale area or driveways within the public right-of-way.

(~~D~~E)  Approved parking areas within the public right-of-way shall comply with § 100.27. Poured concrete, flagstones, and similar materials shall not be used for construction of parking areas and landscaped areas in the public right-of-way. Paved driveways within the public right-of-way for vehicular use shall be constructed of asphalt concrete, poured concrete, paver blocks, turf block or poured Chattahoochee rock surface to grades subject to the approval of the City Engineer. However, in the event the materials are damaged or removed from the public right-of-way as the result of utility construction, repairs, or any other reason, the city shall only be required to replace or restore the paved driveway with asphalt pavement.

(~~E~~F)  Street trees planted within street swale areas shall be planted in accordance with the city's landscaping requirements located in the Zoning Code, and shall not be placed on top of or within five feet of any existing city utility lines, including individual services. Trees, plants and ground cover shall be planted and maintained so that there is a clear unobstructed vertical sight window provided in an area between two foot and eight-foot four inches above the edge of the public roadway. Trees which are growing and are of a species capable of attaining adequate size to necessitate the vertical sight window, but which are not yet mature enough to provide for same, shall not constitute a violation.

(~~F~~G)  Limited landscaping may be located in right-of-way street swale areas in single-family residential districts only, provided the following requirements are met:

. . .

(~~G~~H)  The City Manager shall have authority to authorize exemptions to division (A) above, for non-conforming mailboxes, and divisions (~~E~~F) and (~~F~~G) above for trees, landscaping, and related landscaping materials, provided that:

. . .

**SECTION 3.**  All ordinances or parts of ordinances in conflict herewith be and the same are hereby revoked.

**SECTION 4.** If any provision of this Ordinance or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect any provisions or applications of this Ordinance that can be given effect without the invalid provision or application, and to this end the provisions of this Ordinance are declared to be severable.

**SECTION 5.** This Ordinance shall become effective upon passage.

**PASSED FIRST READING** this ___26th___ day of _____May_____, 2020.

**PASSED SECOND READING** this __23rd__ day of _____June_____, 2020.

_____
**REX HARDIN, MAYOR**

**ATTEST:**

_____
**ASCELETA HAMMOND, CITY CLERK**

MEB:jrm
5/12/2020
L:ord/ch100/2020-135a