**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

| | |
|---|---|
| BERNARD McDONALD, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-60297-RKA |
| ) | |
| CITY OF POMPANO BEACH, ) | |
| FLORIDA, a Florida municipal ) | |
| corporation, ) | |
| ) | |
|    Defendant. ) | |
| _____ ) | |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Bernard McDonald, by and through undersigned counsel, hereby moves for reconsideration of a portion of the Court's Order on the parties' cross-motions for summary judgment (DE 121), specifically pertaining to § 100.35(C)(2) of the City's "Building or Obstruction on Public Streets, Sidewalks, and Right-of-Way Swale Areas" Ordinance (Ordinance). This Court denied this portion of the motion on the grounds that Plaintiff did not explain how the ordinance was unconstitutional. But Plaintiff did make these arguments more fully in an earlier motion, which was referenced in the motion for summary judgment. Proceeding to trial without a ruling on the constitutionality of § 100.35(C)(2) could potentially double the length of the trial, as two ordinances would be subject to consideration, rather than one. Thus, in an effort to streamline the trial and narrow the pending issues, Plaintiff respectfully requests the Court to reconsider this portion of the order and grant Plaintiff's Motion for Partial Summary Judgment with respect to § 100.35(C)(2). In support of this motion, Plaintiff states the following.

-1-

1.      The former § 100.35(C)(2)[1] made it unlawful for any person on "any roadway that has three or more vehicular travel lanes in any one direction at the point of intersection (including turning lanes), to hand or seek to transmit by hand or receive by hand anything to any person who operates or occupies a motor vehicle of any kind, which vehicle is engaged in travel on or within any portion of the roadway, whether or not such vehicle is temporarily stopped in travel lanes or the road."  This ordinance was in effect for approximately four months, and chilled Plaintiff's speech because it prevented him from accepting the donations that he requested.  Thus, Plaintiff requested summary judgment on the law's constitutionality. DE 77 at 13-14.

2.      The Court held as follows as to the constitutionality of § 100.35(C)(2) and Plaintiff's arguments concerning this issue:

> Other than to say that it "failed intermediate scrutiny," McDonald doesn't explain why § 100.35(C)(2) is unconstitutional .... Instead, he simply (1) compares the law to the now-repealed § 100.41 and (2) refers to the "skepticism" we expressed at a hearing about the provision's constitutionality .... without explaining *how* the law was unconstitutional, McDonald hasn't "shown [himself] to be entitled to judgment as a matter of law." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990).

DE 121, at 41.

3.      Plaintiff did, however, explain how the law was unconstitutional in his Motion for Partial Summary Judgment, through incorporation by reference of his detailed argument in his Second Motion for Preliminary Injunction, showing that §100.35(C)(2) failed intermediate scrutiny because it was not narrowly tailored.  DE 77, at 14; DE 42, at 8, 11-15.  Plaintiff believed that this was the more efficient course of action, rather than simply repeating the

---

[1] This provision was enacted by the City Commission on June 23, 2020 and repealed by the City Commission on October 27, 2020.  DE 38-2; DE 66-1.

arguments in the new document, especially given the City's assertion that it passed the ordinance inadvertently.

4. In his Motion for Partial Summary Judgment, Plaintiff requested that the Court "enter an order declaring that §100.35(C)(2) was an unconstitutional restriction of speech in violation of the First Amendment, both on its face and as applied to Plaintiff." DE 77, at 14. Furthermore, "[i]n support thereof, Plaintiff adopts the argument he previously presented in Plaintiff's Second Motion for Preliminary Injunction and incorporates it herein. *See* ECF 42 at 8." DE 77, at 14.

5. In turn, Plaintiff's Second Motion for Preliminary Injunction argued that §100.35(C)(2) "cannot survive intermediate scrutiny because it is not narrowly tailored and it burdens more speech than is necessary to achieve its purported goals." DE 42, at 8. First, the Ordinance was not narrowly tailored because it prevented hand-to-hand transmission between pedestrians and vehicles on all roads with three lanes in one direction, even though the City's own evidence identified only particular intersections along three-lane roadways as especially dangerous. DE 42, at 11-13. Additionally, §100.35(C)(2) prevented hand-to-hand transmissions when public safety concerns were absent, such as when vehicles were stopped for red lights, or at times and places in which there was minimal traffic. DE 42, at 14. Finally, the Ordinance prevented hand-to-hand transmissions even for pedestrians who were on sidewalks. DE 42, at 14-15.

6. To the extent that Plaintiff's arguments as to how the law was unconstitutional were overlooked, reconsideration is warranted.

7. A motion for reconsideration is appropriate where the "Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the

Court by the parties, or has made an error not of reasoning, but of apprehension." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). Plaintiff respectfully submits that the Court's decision on the constitutionality of §100.35(C)(2) was based on a misunderstanding of Plaintiff's argument. *Id.* Plaintiff did not argue that his motion should be granted based the Court's skepticism or a comparison to the now repealed §100.41. Rather, Plaintiff made a detailed substantive argument by incorporating by reference the argument he made in his Second Motion for a Preliminary Injunction. Thus, in this motion for reconsideration, Plaintiff is not simply re-arguing his position, but pointing out that the Court may have overlooked Plaintiff's argument entirely.

8.  Further, a resolution of the constitutionality of §100.35 (c)(2) would significantly narrow the issues at trial. The primary subject of the trial is the ban on requesting donations on medians of a certain width. As demonstrated in the summary judgment papers and the Court's order, the resolution of this issue may turn on evidence showing how medians have been used in Pompano Beach and what evidence the City Commission considered when it decided to enact the prohibition. Ordinance §100.35(C)(2), on the other hand, prohibited any hand-to-hand transmissions—including accepting donations or distributing pamphlets—on sidewalks. As the Court noted, the City offered no argument in defense of this ordinance, other than to assert that Plaintiff's claims were moot, because the City claims the ordinance was passed inadvertently. DE 82 at 19-20.

9.  Thus, the two ordinances will require separate sets of evidence and proof, which has the potential to double the length of the trial. Moreover, it appears that this evidentiary presentation will be unnecessary because the City has no desire to defend the ordinance given that it was passed by mistake. A ruling on the constitutionality of §100.35(C)(2) will therefore

significantly narrow the issues to be determined at trial as well as the evidence and witnesses needed.

10. The Court has noted that apart from the constitutionality of §100.35(C)(2), there remain questions concerning causation and damages relating to this provision to be resolved at trial. DE 121, at 41-42. However, the Court can still rule on liability—the constitutionality of the ordinance—while leaving the issues of causation and damages for trial. *See McPherson v. Florida Department of Corrections*, 2020 WL 7017741, at \*\*3-4 & n. 11 (N.D. Fla., July 27, 2020) (granting plaintiff partial summary judgment on liability under federal disability statutes and leaving causation and damages to be determined at trial). Thus, reconsideration will also streamline the issues for presentation at trial, saving time for the Court as well as the parties.

WHEREFORE, Plaintiff, BERNARD MCDONALD, respectfully requests that this Court grant his Motion for Reconsideration, and enter partial summary judgment for Plaintiff, finding that §100.35(C)(2) violates the First Amendment.

Respectfully submitted,

Dante P. Trevisani
Florida Bar No. 72912
E-mail: *dtrevisani@floridajusticeinstitute.org*
Ray Taseff
Florida Bar No. 352500
E-mail: *rtaseff@floridajusticeinstitute.org*
Florida Justice Institute, Inc.
PO Box 370747
Miami, Florida 33137
305-358-2081
305-358-0910 (Fax)

By:   *s/Ray Taseff*
          Ray Taseff

Mara Shlackman
Florida Bar No. 988618

        Email:  mara@shlackmanlaw.com
        Law Offices of Mara Shlackman, P.L
        757 SE 17th Street, PMB 309
        Fort Lauderdale, Florida 33316
        954-523-1131
        954-206-0593 (Fax)

        F.J. McLawrence
        Florida Bar No. 624527
        Email:  info@mclawrencelaw.com
        The McLawrence Law Firm
        633 S. Federal Highway; Ste. 200-B
        Fort Lauderdale, Florida 33301
        954-318-1376
        954-616-0566

        **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I electronically filed today, September 20, 2021, the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all persons registered to receive electronic notifications for this case, including all opposing counsel as listed in the below service list.

        By: _____*s/Ray Taseff*_____
               Ray Taseff

## SERVICE LIST

Michael Burke
Florida Bar No. 133851
Hudson Gill
Florida Bar No. 15274
Johnson, Anselmo, Murdoch, Burke & Piper
2455 E. Sunrise Blvd., Ste. 1000
Fort Lauderdale, FL 33304-3113
Office: 954-463-0100
burke@jambg.com
hgill@jambg.com

**Attorneys for Defendant**