UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-60297-ALTMAN/Strauss

**BERNARD MCDONALD**,

    *Plaintiff*,

v.

**CITY OF POMPANO BEACH,
FLORIDA**,

    *Defendant*.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 27, 2024, the Defendant filed a Motion to Tax Costs (the "Defendant's Motion") [ECF No. 177]. On October 9, 2024, our Plaintiff, Bernard McDonald, filed his Motion for Bill of Costs (the "Plaintiff's Motion") [ECF No. 187]. On November 27, 2024, U.S. Magistrate Judge Jared M. Strauss issued a Report and Recommendation (the "Report") [ECF No. 202], in which he suggested that we should grant the Plaintiff's Motion and deny the Defendant's Motion. Magistrate Judge Strauss also issued the following warning:

> The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Roy K. Altman, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except for plain error if necessary in the interests of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

*Id.* at 14. That deadline has passed, and neither party has filed written objections to the Report. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the

court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the Report, the record, and the applicable law—and finding no clear error on the face of the Report—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 202] is **ACCEPTED and ADOPTED** in full.

2. The Plaintiff's Motion [ECF No. 187] is **GRANTED**.

3. The Defendant's Motion [ECF No. 177] is **DENIED**.

4. The Plaintiff shall be awarded **$545.78** in taxable costs.

5. This case shall remain **CLOSED**. All deadlines are **TERMINATED**, and any pending motions, *except* the Plaintiff's Second Motion for Attorney's Fees [ECF No. 194]—which shall remain pending—are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on January 9, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record