**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-cv-60297-ALTMAN/Strauss**

**BERNARD MCDONALD**,

    *Plaintiff*,

v.

**CITY OF POMPANO BEACH,**
**FLORIDA**,

    *Defendant*.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On November 4, 2024, the Plaintiff filed his Verified Second Motion for Attorneys' Fees and Costs (the "Motion") [ECF No. 194]. On March 20, 2025, U.S. Magistrate Judge Jared M. Strauss issued a Report and Recommendation (the "Report") [ECF No. 210], in which he suggested that we should grant in part and deny in part the Motion. Magistrate Judge Strauss also issued the following warning:

> The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Roy K. Altman, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except for plain error if necessary in the interests of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

*Id.* at 20. That deadline has passed, and neither party has objected to the Report. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although

Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the Report, the record, and the applicable law—and finding no clear error on the face of the Report—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 210] is **ACCEPTED and ADOPTED** in full.
2. The Plaintiff's Motion [ECF No. 194] is **GRANTED in part** and **DENIED in part**.
3. The Plaintiff shall be awarded **$182,824.73** in attorneys' fees.
4. The Plaintiff shall not be awarded any additional costs, but this does not affect the already awarded amount of $545.78.
5. This case shall remain **CLOSED**. All deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on April 4, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record